### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Mitchell Ellis Products, Inc.<br>　　　　　　*Plaintiff*<br>　v.<br><br>Agrinomix, Inc.<br>　　　　　　*Defendant* | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED**<br>Judge:<br>Magistrate: |

### COMPLAINT

Plaintiff, Mitchell Ellis Products, Inc., by and through undersigned counsel, for and as its Complaint, alleges as follows against Defendant Agrinomix, Inc.:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for patent infringement under the Patent Law of the United States (35 U.S.C. § 1 *et seq.*). As set forth in greater detail below, this action involves the unauthorized production, use, offer to sell, and sale of Plaintiff's patented invention without a license or permission from Plaintiff, the patent holder.

2. This Court has subject matter jurisdiction under 28 U.SC. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

3. This Court has personal jurisdiction over the Defendant because the Defendant, without consent or permission of Plaintiff as exclusive rights holder, used, offered to sell, and sold the infringing products at issue within this judicial District. The Defendant has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce with the knowledge or understanding that such products are sold in the State of Alabama, including in this District.

1

These acts cause injury to Plaintiff in this District. Upon information and belief, Defendant derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences in this District, and derives substantial revenue from interstate commerce.

4. In the alternative, this Court has personal jurisdiction over Defendant under the Alabama long-arm statute, AL ST RCP 4.2, because Defendant transacted business in this State, contracted to supply services or goods in this State, caused tortious injury or damage by an act or omission in this State, caused tortious injury or damage in this State by an act or omission outside this State and regularly does and/or solicits business and/or engages in a persistent course of conduct and/or derives substantial revenue from goods used or consumed or services rendered in this State.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Agrinomix transacts business within this District and offers for sale in this District products that infringe Plaintiff's patents. Moreover, Agrinomix is subject to personal jurisdiction in this District and committed unlawful acts of infringement in this District.

## THE PARTIES

6. Plaintiff is an Alabama corporation having its principal place of business at 9110 Church Street, Semmes, Alabama 36575. Plaintiff is a longstanding leader in the horticulture industry and has provided machinery specially developed for the nursery and greenhouse market since 1977.

7. Upon information and belief, Defendant Agrinomix, LLC is an Ohio corporation with its principal place of business at 300 Creekside Drive, Oberlin, Ohio 44074.  Upon information and belief, Agrinomix, Inc. is a horticulture machinery and equipment company.

8.	Plaintiff is the owner of the patents and/or the pertinent exclusive rights under the patent law in the United States in the invention that is the subject of this suit.

## BACKGROUND

9.	Plaintiff incorporates each of the foregoing paragraphs, as though fully set forth herein.

10.	Plaintiff, a longstanding leader in the horticulture industry, developed an innovative and revolutionary potting apparatus that is quieter, smoother, and more efficient than previous potting machines.

11.	Plaintiff sought to protect is intellectual property rights and filed a utility patent application for the potting apparatus with the United States Patent and Trademark Office on May 31, 2012.

12.	On November 26, 2013, United States Letters Patent No. 8,590,583 (the "'583 patent"), titled "Potting apparatus," was issued to the Plaintiff. A true and correct copy of the '583 patent is attached hereto as Exhibit A.

13.	The Plaintiff owned the patent throughout the period of Defendant's infringing acts and still owns the patent.

14.	Plaintiff markets and sells the patented invention as the "EZ Potter Potting Machine" series.  A photo of Plaintiff's products depicting embodiments of the patented invention is attached hereto as Exhibit B.

15.	Rather than innovate and develop its own technology, Agrinomix chose to copy Plaintiff's technology and innovative style in its own potting machines.

16.	Defendant has infringed and is still infringing Plaintiff's patent by making, selling, and using potting machines that embody the patented invention, and the Defendant

will continue to do so unless enjoined by this Court.

17. Specifically, the product marketed by Defendant as the "Agrinomix KV-XL Filler will Drill" and "Nursery Potter with Drill" (hereinafter the "infringing products") infringes Plaintiff's '583 Patent. Photos of Defendant's infringing products are attached hereto as Exhibit C.

18. Agrinomix's infringement of Plaintiff's utility patent provides Agrinomix with unique functionality for its products that is the result of Plaintiff's hard work and innovation, not Agrinomix's. Agrinomix has not obtained permission from Plaintiff to use its patented invention.

## COUNT 1
## INFRINGEMENT OF THE '583 PATENT

19. Plaintiff incorporates each of the foregoing paragraphs, as though fully set forth herein.

20. Plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all potting machines it manufactures and sells and has given the Defendant written notice of the infringement.

21. Agrinomix has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '583 Patent by using, selling, and/or offering to sell in the United States and/or importing into the United States, one or more of Agrinomix's potting machines, including the products identified in this Complaint.

22. Agrinomix's activities violate 35 U.S.C. § 271.

23. Plaintiff is informed and believes, and on that basis alleges, that Agrinomix's infringement of the '583 Patent has been and continues to be intentional, willful, and

without regard to Plaintiff's rights.  Plaintiff is informed and believes, and on that basis alleges, that Agrinomix's infringement of the '583 Patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '583 Patent through direct and indirect communication with Plaintiff and/or as a result of its participation in the horticulture industry.

24. Plaintiff is informed and believes, and on that basis alleges, that Agrinomix has profited by virtue of its infringement of the '583 Patent.

25. Plaintiff has sustained damages as a direct and proximate result of Agrinomix's infringement of the '583 Patent.

26. Plaintiff is suffering and will continue to suffer irreparable harm from Agrinomix's infringement of the '583 Patent. Plaintiff has no adequate remedy at law and is entitled to an injunction against Agrinomix's continuing infringement of the '583 Patent. Unless enjoined, Agrinomix will continue its infringing conduct.

27. The actions and conduct of Defendant as described above infringe upon Plaintiff's exclusive rights granted under the patent law of the United States to make, use, and sell the patented invention.

28. As a result of Defendant's infringement of Plaintiff's exclusive rights, Plaintiff is entitled to relief pursuant to 35 U.S.C. §§ 281-297 and to its attorney's fees and costs pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant and for relief as follows:

1. A judgment that Plaintiff's '583 Patent is valid and enforceable;

2. A judgment that Agrinomix has infringed, contributorily infringed, and/or induced infringement of one or more claims of Plaintiff's '583 Patent;

3. An order and judgment preliminarily and permanently enjoining Agrinomix and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns from further acts of infringement of Plaintiff's '583 Patent;

4. A judgment awarding Plaintiff all damages adequate to compensate for Agrinomix's infringement of Plaintiff's Patent, and in no event less than a reasonable royalty for Agrinomix's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5. A judgment awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6. A judgment awarding Plaintiff all of Agrinomix's profits, pursuant to 35 U.S.C. § 289 together with prejudgment interest;

7. Actual damages suffered by Plaintiff as a result of Agrinomix's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8. A judgment that this is an exceptional case and an award to Plaintiff of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

9. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all issues raised by the Complaint.


Dated: November 16, 2015

                                                    Respectfully submitted,

                                                   **ADAMSIP, LLC**

                                                   By: <u>/s/ J. Hunter Adams</u>
                                                   J. Hunter Adams (5289J80Z)
                                                 300 Dauphin Street
                                                 Suite 200
                                                 Mobile, Alabama 36602
                                                 Phone: (251) 289-9787
                                                 hunter@adamsiplaw.com
                                                 *Attorney for Mitchell Ellis Products, Inc.*