IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MITCHELL ELLIS PRODUCTS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 15-00579-CB-N |
| AGRINOMIX, INC., | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on Defendant's motion to dismiss for lack of personal jurisdiction. (Doc. 7.) After considering the motion, briefs, and evidence submitted by the parties (Docs. 8, 13, & 14), the Court finds insufficient evidence to support personal jurisdiction. Rather than dismiss the action at this point, however, the Court will permit Plaintiff to conduct limited discovery.

**The Complaint**

On November 16, 2015, Plaintiff Mitchell Ellis Products, Inc. filed the underlying complaint against Defendant Agrinomix, Inc.[1] "seeking damages and injunctive relief for patent infringement under the Patent Law of the United States (35 U.S.. § 1, *et seq.*)." (Compl. ¶ 1, Doc. 1.) Plaintiff, "an Alabama corporation with its principal place of business in Semmes Alabama," is in the horticulture industry. (*Id.* ¶6.) It develops and provides machinery for nurseries and greenhouses. (*Id.*) In 2013, Plaintiff was granted a patent,

---

[1] In its brief in support of the motion to dismiss, Defendant states: "The complaint incorrectly identifies AgriNomix as a corporation; it is a limited liability company." (Def.'s Br. 1, Doc. 8.) If this action survives the motion to dismiss, Plaintiff should amend the complaint to correct this misnomer.

United States Letters Patent No. 8,590,583 ("the '583 patent'") for a potting apparatus. This invention is sold and marketed as the "EZPotter Potting Machine" series. (*Id.* ¶ 12.) Defendant markets products--the "Agrinomix KV-XL Filler with Drill" and "Nursery Potter with Drill"—that allegedly infringe on Plaintiff's '583 patent. (*Id.* ¶ 17.)

The Complaint asserts personal jurisdiction over the Defendant is appropriate "because the Defendant . . . used, offered to sell, and sold the infringing products at issue within this judicial District [or] places infringing products into the steam of commerce with the knowledge or understanding that such products are sold in the State of Alabama." (*Id.* ¶ 3.) Alternatively, the Complaint alleges personal jurisdiction "because Defendant transacted business in the State, contracted to supply services or goods in this State, caused tortious injury or damage . . . and/or regularly does and/or solicits business and/or engages in a persistent course of conduct and/or derives substantial revenue from goods used or consumed or services rendered in this States." (*Id.* ¶ 4.)

**The Party's Evidentiary Submissions**

In support of its motion to dismiss, Defendant has submitted the affidavit of Robert Lando, "Managing Member and President of AgriNomix, LLC. . . a Delaware limited liability company with its principal place of business in Oberlin, Ohio." (Lando Aff. ¶ 1, Ex. A., Mot. to Dismiss, Doc. 8.) Lando provides the following information about Agrinomix's business dealings, or lack thereof, in Alabama: Agrinomix has no manufacturing operations in Alabama. (*Id.* ¶ 5.) The company has never used the alleged infringing products in Alabama, "has never communicated to a prospective buyer located in Alabama both a description of [those products] and a price at which either could be purchased, and "has never sold [either product] in Alabama." (*Id.* ¶¶ 6-8.) Between 2011 and 2015, Agrinomix

sold seven machines and approximately $30,000 in parts to customers in Alabama, none of which were related to the alleged infringing product.  (*Id.* ¶¶ 9-14.)  These sales amounted to less than 1% of the company's total sales.  (*Id.* ¶ 15.)  Further, Agrinomix has no place of business in Alabama, is not licensed to do business in the state; has no registered agent, offices, stores or employees in Alabama; has no Alabama mailing address, telephone number, or bank accounts; and has never paid taxes in to the state.  (*Id.* ¶ 15.)

In response to the motion to dismiss, Plaintiff points out that in July 2015 Defendant exhibited at the largest horticulture industry trade show in North America, which took place in Columbus, Ohio. (Ex. A, Pl.'s Rsp., Doc. 13.)  Plaintiff has also presented an affidavit from Norman David Wright III, an Alabama resident who attended the trade show and personally observed the Agrinomix exhibit, which included a display of the Nursery Potter with Drill.  (Wright Aff., ¶ 8, Ex. B, Pl.'s Rsp.)

**Discussion**

**Applicable Law**

In patent cases, Federal Circuit law applies to the issue of personal jurisdiction because that issue is "intimately involved with the substance of the patent laws." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).  "'Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process.'" *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).  Because Alabama's long-arm statute is coextensive with due process, "the jurisdictional analysis collapses into a single determination of whether the exercise of

personal jurisdiction comports with due process." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008); *see also Ex Parte DBI, Inc.*, 23 So. 3d 635, 643 (Ala. 2009)("Alabama's long-arm rule consistently has been interpreted by this Court to extend the jurisdiction of Alabama courts to the permissible limits of due process").

The process for evaluating a motion to dismiss for lack of personal jurisdiction is somewhat flexible. The court is not limited to the allegations in the complaint but may consider affidavits and other evidence outside the pleadings. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). If a motion is decided without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* In that case, all uncontroverted allegations in the plaintiff's complaint are accepted as true, and any factual conflicts in the affidavits must be resolved in plaintiff's favor. *Id.*; *see also Autogenomics*, 566 F.3d at 1017. In this case, Defendant has presented affidavit evidence to challenge the Complaint's rather conclusory assertions of personal jurisdiction.

Personal jurisdiction may be either general or specific. General jurisdiction "'requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts.'" *Id.* (quoting *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1200 (Fed. Cir. 2003)). Specific jurisdiction "must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Id.* In light of the undisputed affidavit evidence presented by Defendant, Plaintiff has failed to make a prima facie showing of either general or specific jurisdiction.

4

**General Jurisdiction**

In two recent cases, the Supreme Court narrowed the scope of general jurisdiction. In *Goodyear Dunlop Tires Operations, S.A. v. Brown* the Court placed a caveat on the "continuous and systematic" contacts language from the "canonical opinion" on personal jurisdiction, *International Shoe, Inc. v. Washington* 326 U.S. 310 (1945), stating: "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' *as to render them essentially at home in the forum State.*" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, 131 S. Ct. 2846, 2851 (2011) (emphasis added). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there." *Daimler AG v. Bauman*, __ U.S. __, 134 S.Ct. 746, 760 (2014). Though the Court did not specifically limit the potential forums available, it noted that "the paradigm forum . . . for a corporation is one in which the corporation is fairly regarded as at home" such as the place of incorporation and principal place of business. *Id.* In *Daimler* the Court held the defendant, Daimler AG was not subject to general personal jurisdiction in California even though the company, through its subsidiary, had "multiple California-based facilities" and made substantial sales of luxury vehicles in the state. *Id.* at 752. It was, the Court concluded, "error for the Ninth Circuit to conclude that Daimler, even with [its subsidiary's] contacts attributed to it, was at home in California." *Id.* at 762. In this case, nothing alleged in the Complaint suggests the kind of contacts that would render Agrinomix "at home" in Alabama. Moreover, Defendant's uncontroverted affidavit evidence—that it is a Delaware limited liability company with its

principal place of business in Ohio and limited business dealings in Alabama--affirmatively establishes that general jurisdiction does not apply. [2]

**Specific Jurisdiction**

The Federal Circuit employs a three-prong test to determine the existence of specific personal jurisdiction: "' (1) [whether] the defendant purposefully directed its activities at residents of the forum," (2) [whether] the claim arises out of or relates to those activities, and (3) [whether] assertion of personal jurisdiction is reasonable and fair.'" *Avocent,* 552 F.3d at 1332 (quoting *Breckenridge Pharm., Inc. v. Metabolite Lab., Inc.* 444 F.3d 1356, 1363 (Fed. Cir. 2006)). In a patent infringement case, the jurisdictional inquiry is straightforward. "Patent infringement occurs when a party 'without authority makes, uses, offers to sell or sells any patented invention.' 35 U.S.C. 271(a) (1994). Thus, for there to be specific personal jurisdiction over [the defendant] in [the forum], [the plaintiff] would have to allege that [the defendant] did one of those listed activities in [the forum state]." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999). Plaintiff does not contend that Defendant made, used, or sold the alleged infringing products in Alabama. Instead, it points first to evidence that Defendant markets and sells *other* products in Alabama. Clearly, these sales have no relation to the patent infringement claim and do not satisfy the second element necessary for specific jurisdiction.

Alternatively, Plaintiff asserts Defendant offered to sell one of the alleged infringing product to Alabama customers by displaying that product at a trade show "attended by

---

[2] Furthermore, it appears that Plaintiff has abandoned any attempt to establish general jurisdiction. Plaintiff's brief in response to the motion to dismiss does not address the issue.

Alabama growers."[3]  (Pl.'s Br. 5, Doc. 13.)  The term "offer to sell" "is defined by "the norms of traditional contract analysis."  *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1255 (Fed. Cir. 2000).  According to well-established principles of contract law, advertising and promoting a product generally are not considered offers to sell.  *Group One Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001); *see also Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.,* 395 F.3d 1275, 1281 (Fed. Cir. 2005) (evidence that defendant advertised product on its website and exhibited product at national and regional trade shows insufficient to establish specific jurisdiction).  Because the mere promotion of a product is not an offer to sell, Plaintiff cannot base specific jurisdiction on the presence of an Alabama resident at a trade show where the infringing product was displayed.

**Jurisdictional Discovery**

In its response to the motion to dismiss, Plaintiff alternatively requests that it be allowed to conduct jurisdictional discovery to supplement its jurisdictional allegations.  While personal jurisdiction is governed by Federal Circuit law in patent cases, regional circuit law applies to the issue of jurisdictional discovery.  *Autogenomics*, 566 F.3d at 1021-22.  In this circuit, "jurisdictional discovery is not entirely discretionary."  *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982).  "[T]he plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Henriquez v. El Pais O'Hubocali.*com, No. 12-11428, 500 Fed. Appx. 824, 830 (11th Cir. 2012) (quoting *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984)).  Therefore, the Court will permit discovery limited to the issue of specific personal jurisdiction.

---

[3] Plaintiff's evidence, the affidavit of Norman David Wright III, establishes only that one Alabama grower (Mr. Wright) attended the tradeshow.

7

**Conclusion**

The pleadings and evidence currently before the Court are insufficient to establish personal jurisdiction over defendant Agrinomix in this district. The Court will withhold ruling on the motion to dismiss until Plaintiff has had an opportunity to conduct jurisdictional discovery. This matter shall be referred to the Magistrate Judge for the entry of an order setting a schedule for (1) discovery limited to the issue of specific jurisdiction and (2) supplemental briefs.

**DONE** and **ORDERED** this the 7th day of March, 2016.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**